| UNITED STATES DISTRICT COURT | WESTERN DISTRICT OF TEXAS SAN ANTONIO DIVISION |
|---|---|

| | | |
|---|---|---|
| BENJAMIN FORREST, BRADEN GLASSON, and MASON FRAKES, Individually and On Behalf of All Others Similarly Situated, | § § § § § § | |
| Plaintiff(s), | § § | No. __5:21-cv-1099__ |
| v. | § § | |
| TLW ENERGY SERVICES, LLC, CERBERUS ENERGY SERVICES, LLC and TROY WATKINS, | § § § § | |
| Defendant(s). | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiff Benjamin Forrest, Braden Glasson, and Mason Frakes (collectively referred to as "Plaintiffs") bring this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Defendants TLW Energy Services, (referred to as "TLW"), Cerberus Energy Services, LLC (referred to as "Cerberus") and Troy Watkins (referred to as "Watkins") who were paid on a day-rate basis without overtime during the past three years to recover back wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

## I.  Nature of Suit

1.    Plaintiffs' claims arise under the FLSA.

2.      The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers …." 29 U.S.C. § 202(a).

3.      To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4.      TLW, Cerberus, and Watkins violated the FLSA by employing Plaintiffs and other similarly situated employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. § 207(a)(1).

5.      TLW, Cerberus, and Watkins willfully violated the FLSA because they knew or showed a reckless disregard for whether their pay practices were unlawful.

6.      Plaintiffs bring this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of TLW, Cerberus, and Watkins who were paid on a day-rate basis without overtime during the past three years.

## II.  Jurisdiction & Venue

7.      This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

8.     Venue is proper in this district and division because a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred in this district and division. 28 U.S.C. § 1391(b)(2).

### III.  Parties

9.     Benjamin Forrest is an individual who resides in Atascosa County, Texas and who was employed by TLW, Cerberus, and Watkins during the last three years.

10.     Braden Glasson is an individual who resides in Guadalupe County, Texas and who was employed by TLW, Cerberus, and Watkins during the last three years.

11.     Mason Frakes is an individual who resides in Nueces County, Texas and who was employed by TLW, Cerberus, and Watkins during the last three years.

12.     TLW is a Texas limited liability company that may be served with process by serving its registered agent:

United States Corporation Agents, Inc.
9900 Spectrum Drive
Austin, Texas 78717

Alternatively, if the registered agent of TLW cannot with reasonable diligence be found at the company's registered office, TLW may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

13.     Cerberus is a Texas limited liability company that may be served with process by serving its registered agent:

Troy Watkins
3801 State Highway 31 E
Athens, Texas 75752

Alternatively, if the registered agent of Cerberus cannot with reasonable diligence be found at the company's registered office, Cerberus may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

14.     Watkins is an individual who resides in Henderson County, Texas and who may be served with process at:

3801 State Highway 31 East
Athens, Texas 75752

or wherever he may be found. Alternatively, Watkins may be served with process by serving an agent or clerk employed in his office or place of business because this action grows out of or is connected with the business he transacts in this state. *See*, Tex. Civ. Prac. & Rem. Code § 17.021.

15.     An allegation that TLW, Cerberus, and Watkins committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of TLW, Cerberus, or Watkins or was done in the normal course and scope of employment of TLW, Cerberus, or Watkin's officers, directors, vice-principals, agents, servants or employees.

- 4 -

## IV. Facts

16.     TLW and Cerberus are an oilfield services company.

17.     TLW and Cerberus do business in the territorial jurisdiction of this Court.

18.     TLW and Cerberus employed Benjamin Forrest as a Flowback Operator then as a Flowback Field Supervisor from approximately February 2017 to July 2021.

19.     TLW and Cerberus employed Braden Glass on a Flowback Helper (also referred to as "Flowback Hand") then as a Junior Operator from approximately March 2019 to July 2021.

20.     TLW and Cerberus employed Mason Frakes as a Flowback Hand then as a Flowback Operator from approximately March 2018 to July 2021.

21.     Watkins was also Plaintiffs' employer—and individually liable to them for the FLSA violations described below—because he: (1) had the authority to hire and fire TLW and Cerberus employees, including Plaintiffs; (2) supervised or controlled TLW and Cerberus employee schedules or conditions of employment, including Plaintiffs' schedule and/or conditions of employment; (3) determined the rate or method of payment for TLW and Cerberus employees, including Plaintiffs; and/or (4) maintained TLW and Cerberus employee records, including Plaintiffs' records.

22.     As a Flowback Field Supervisor, Benjamin Forrest was responsible for operating and monitoring flowback equipment.

23.     As a Flowback Hand and Junior Operator, Braden Glasson was responsible for operating and monitoring flowback equipment.

24.     As a Flowback Hand and Flowback Operator, Mason Frakes was responsible for operating and monitoring flowback equipment.

25.     During Plaintiffs' employment with TLW and Cerberus, they were engaged in commerce or in the productions of goods for commerce.

26.     During Plaintiffs' employment with TLW and Cerberus, the company had employees engaged in commerce or in the production of goods for commerce.

27.     During Plaintiffs' employment with TLW and Cerberus, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

28.     During Plaintiffs' employment with TLW, Cerberus, and Watkins, the company had an annual gross volume of sales made or business done of at least $500,000.

29.     TLW, Cerberus, and Watkins paid Plaintiffs on day-rate basis.

30.     TLW, Cerberus, and Watkins paid Plaintiffs on a bi-weekly basis by direct deposit.

31.     During Plaintiffs employment with TLW, Cerberus, and Watkins, they regularly worked in excess of forty hours per week.

32.     TLW, Cerberus, and Watkins knew or should have known that Plaintiffs worked in excess of forty hours per week.

33.     TLW, Cerberus, and Watkins did not pay Plaintiffs for the hours they worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

34.     Instead, TLW, Cerberus, and Watkins paid Plaintiffs on a day-rate basis without overtime.

35.     In other words, TLW, Cerberus, and Watkins paid Plaintiffs for their overtime at a rate less than one and one-half times the regular rate at which they was employed in violation of the FLSA.

36.     Plaintiffs were not exempt from the maximum hour requirements of the FLSA.

37.     As a Flowback Field Supervisor, Forrest was not compensated on a salary or fee basis.

38.     As a Flowback Field Supervisor, Forrest did not, in performing his primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

39.     As a Flowback Field Supervisor, Forrest was, instead, required to follow Defendants' policies, practices and procedures.

40.     As a Flowback Field Supervisor, Forrest did not have any independent authority to deviate from Defendants' policies, practices and procedures.

41.     As a Flowback Hand and Junior Operator, Braden Glasson was not compensated on a salary or fee basis.

42.     As a Flowback Hand and Junior Operator, Braden Glasson did not, in performing his primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

43.    As a Flowback Hand and Junior Operator, Braden Glasson was, instead, required to follow Defendants' policies, practices and procedures.

44.    As a Flowback Hand and Junior Operator, Braden Glasson did not have any independent authority to deviate from Defendants' policies, practices and procedures.

45.    As a Flowback Hand and Flowback Operator, Mason Frakes was not compensated on a salary or fee basis.

46.    As a Flowback Hand and Flowback Operator, Mason Frakes did not, in performing his primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

47.    As a Flowback Hand and Flowback Operator, Mason Frakes was, instead, required to follow Defendants' policies, practices and procedures.

48.    As a Flowback Hand and Flowback Operator, Mason Frakes did not have any independent authority to deviate from Defendants' policies, practices and procedures.

49.    TLW, Cerberus, and Watkins knew or should have known that Plaintiffs were not exempt from the maximum hour requirements of the FLSA.

50.    TLW, Cerberus, and Watkins willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

51.    During Plaintiffs employment with TLW, Cerberus, and Watkins, the company did not maintain accurate time and pay records for Plaintiffs as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

52.    During Plaintiffs' employment with TLW, Cerberus, and Watkins, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

53.    TLW, Cerberus, and Watkins continued the pay practice(s) complained of by Plaintiffs without investigation after being put on notice that the pay practice(s) violated the FLSA.

54.    TLW, Cerberus, and Watkins have a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

55.    Prior to this lawsuit, TLW, Cerberus and Watkins conducted one or more internal investigations which revealed violations similar to the one(s) complained of by Plaintiffs.

56.    Because TLW, Cerberus, and Watkins willfully violated the FLSA, the company is liable to Plaintiffs for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

57.    As a result of the FLSA violation(s) described above, TLW, Cerberus, and Watkins are liable to Plaintiffs for back wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

58.    All employees who were paid a day-rate and were employed by TLW, Cerberus, and Watkins during the last three years are similarly situated to Plaintiffs because they (1) have similar job duties; (2) regularly worked or work in excess of forty hours per week; (3) were paid on a day-rate basis and were not paid overtime for the hours they worked or work in excess of forty per week as required by 29 U.S.C. § 207(a)(1); and (4) are entitled to recover

back wages, liquidated damages and attorney's fees and costs from TLW, Cerberus, and

Watkins under 29 U.S.C. § 216(b).

## V.  Count One—
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207

59.     Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P.

10(c).

60.     During Plaintiffs' employment with TLW, Cerberus, and Watkins, they were

nonexempt employees.

61.     As nonexempt employees, TLW, Cerberus, and Watkins were legally obligated

to pay Plaintiffs "at a rate not less than one and one-half times the regular rate at which they

[were] employed[]" for the hours they worked in excess of forty per week. 29 U.S.C. §

207(a)(1).

62.     TLW, Cerberus, and Watkins did not pay Plaintiffs "at a rate not less than one

and one-half times the regular rate at which they [were] employed[]" as required by 29 U.S.C.

§ 207(a)(1).

63.     Instead, TLW, Cerberus, and Watkins paid Plaintiffs on a day-rate basis

without overtime.

64.     If TLW, Cerberus, and Watkins classified Plaintiffs as exempt from the

maximum hour requirements of the FLSA, they were misclassified.

65.     As a result of the FLSA violation(s) described above, TLW, Cerberus, and Watkins are liable to Plaintiffs for back wages equal to the difference between what the company should have paid and what it actually paid.

## VI.  Count Two—
### Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

66.     Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

67.     TLW, Cerberus, and Watkins willfully violated the FLSA because they knew or showed a reckless disregard for whether its pay practices were unlawful.

68.     TLW, Cerberus, and Watkins failed to maintain accurate time and pay records and failed to post an FLSA notice.

69.     Because TLW, Cerberus, and Watkins willfully violated the FLSA, the company and Watkins are liable to Plaintiffs for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

## VII.  Count Three—
### Collective Action Allegations Under 29 U.S.C. § 216(b)

70.     Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

71.     On information and belief, other employees of TLW, Cerberus and Watkins have been victimized by the FLSA violation(s) described above.

72.     These employees are similarly situated to Plaintiffs because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the FLSA.

73.     TLW, Cerberus, and Watkins' unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

74.     Since Plaintiffs' experiences are typical of the experiences of the putative class members, collective action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

75.     For these reasons, Plaintiffs request that the Court certify this case as a collective action under 29 U.S.C. § 216(b) and authorize notice regarding its pendency and the right to join it to the following class:

> All Flowback Hands, Flowback Helpers, Flowback Operators, Flowback Junior Operators and Flowback Field Supervisors who were employed by TLW, Cerberus, and Watkins during the last three years at any location in the United States who worked more than forty hours in any one or more workweeks and who were paid on a day-rate basis without overtime.

76.     TLW, Cerberus, and Watkins are liable to Plaintiffs and the putative class members for back wages equal to the difference between what the company should have paid and what it actually paid.

77.     Plaintiffs have retained counsel who are well-versed FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of them and all other putative class members.

## VIII.  Count Four—
### Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

78.     Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

79.     Plaintiffs are authorized to recover liquidated damages on their claims by statute. 29 U.S.C. § 216(b).

80.     Plaintiffs are authorized to recover attorney's fees and costs on their claims by statute. 29 U.S.C. § 216(b).

81.     Plaintiffs have retained the professional services of the undersigned attorneys.

82.     Plaintiffs have complied with the conditions precedent to recovering attorney's fees and costs.

83.     Plaintiffs have incurred or may incur attorney's fees and costs in bringing this lawsuit.

84.     The attorney's fees and costs incurred or that may be incurred by Plaintiffs were or are reasonable and necessary.

85.     TLW, Cerberus, and Watkins are liable to Plaintiffs and the putative class members for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

## IX.  Relief Sought

86.     Plaintiffs demand the following relief:

a.  an order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b);

b.  an incentive award for Ben Forrest for serving as class representative if the Court allows this action to proceed as a collective action under 29 U.S.C. § 216(b);

c.  judgment against TLW, Cerberus, and Watkins in Plaintiffs' favor both individually and on behalf of the putative class members for back wages, liquidated damages and attorney's fees, plus interest and costs; and

d.  all other relief and sums that may be adjudged against TLW, Cerberus, and Watkins in Plaintiffs' favor both individually and on behalf of the putative class members.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 1110
Houston, Texas 77002-1063
Telephone: (713) 222-6775
Facsimile: (713) 222-6739


By:   _____
Melissa Moore
State Bar No. 24013189
melissa@mooreandassociates.net
Curt Hesse
State Bar No. 24065414
curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFFS**


Of Counsel:

Aimara Flores
State Bar No. 24114893
aimara@mooreandassociates.net